## HOSE, Bankrupt, In re.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF OHIO EASTERN DIVISION.

Nos. 79540, 79541. Decided October 20, 1958.

Harry J. Dworkin, Cleveland, for bankrupts.

Willard Barry, Cleveland, for Fireside Finance Corp., Objecting Creditor.

## MEMORANDUM OF REFEREE

By WOODS, Referee in Bankruptcy.

Grover Brenton Hose of Cleveland, Cuyahoga County, Ohio, was adjudicated a bankrupt on March 4, 1958, and Marvin L. Gardner of Cleveland, Ohio, was appointed as Trustee in Bankruptcy; and Joan Hose, his wife, also of Cleveland, Cuyahoga County, Ohio, was adjudicated a bankrupt on the same day, and Marvin L. Gardner of Cleveland, Ohio, was appointed her Trustee in Bankruptcy.

Petitions of bankrupts for discharge came on for hearing and specifications of objections on like grounds to the discharge of both husband and wife were filed by Fireside Finance Corporation of Cleveland, Ohio, to which bankrupts filed exceptions to the specifications of objections to discharge; and at the hearing on the questions raised by both bank-

ruptcy proceedings, decision on the exceptions to specifications was reserved and upon the full hearing the two cases were submitted and briefs were filed.

The specifications of objections to the discharge of bankrupts were on the grounds that bankrupts had issued a false financial statement in writing as to their financial condition upon which credit was extended by said objector. The relevant statute, Section 14(c) of the Bankruptcy Act, provides:

"The Court shall . . . discharge the applicant unless he has . . .(3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial conditions:"

Bankrupt, the husband, was a printer employed by the Forest City Publishing Company of Cleveland, Ohio, and the wife was a PBX operator employed by Hornblower & Weeks, Union Commerce Building, Cleveland, Ohio. The husband's salary was $80.00 per week and the wife's salary was $100.00 every two weeks.

The financial statements relied upon by Fireside Finance Corporation were executed by husband and wife on August 29, 1956 and is offered as Objector's Exhibit "4-A." Counsel for an objector claims that, relying on said statement, a loan was made by objector to bankrupts following the execution of the financial statement, which furnishes the only ground for which counsel for objector claims his client relies upon in this proceeding.

At the hearing and in the brief of counsel for objector as filed are introduced exhibits and from these it appears that bankrupts had two loans from Fireside Finance Corporation, the first made on June 20, 1956. From the exhibits as to the loans of bankrupts with Fireside, offered in evidence at the hearing and attached to objector's brief, the record of bankrupt husband and wife as to loans with Fireside is as follows:

| Fireside Loan No. | Date | Amount | Debts Listed by Bankrupts | Balance due Fireside Before New Loan | Loan Disbursement |
|---|---|---|---|---|---|
| 3935 | 6-20-56 | $450.00 | $ * | $ | $295.58 |
| 4065 | 8-29-56 | $520.00 | 1,319.24 | 398.06 | 398.06 |

(*) (The financial statement given to Fireside for the first loan was not offered in evidence.)

The objections of Fireside to the discharge of bankrupts was based on claims of false financial statement made by bankrupt as to their debts on August 29, 1956 and the testimony at the hearing concerned the last loan, No. 4065, and the financial condition of bankrupts when this was made.

The evidence shows that the debts listed for the last loan amounted to $1,319.24, as appears in the financial statement signed by bankrupts. One debt not listed was the debt to Fireside under the former loan of

$450.00 and yet, notwithstanding the financial statement of some months before, the objector charges it was deceived as to the debts of its former customers, these bankrupts, who had previous dealings with the objector.

Thus, from the evidence at the hearing and the exhibits offered, it appears that the financial statement claimed to have been relied upon by the objector was not the true financial statement of the condition of bankrupts. Also, the evidence indicated that the objector must have known of the financial condition of bankrupts where there had been a previous loan made by the objecting finance company before the financial statement was made upon which Fireside as an objector now relies. In this situation, it can hardly be said that the finance company relied upon the financial statement when the company and its agents had been previously doing business with bankrupts. As to the reliance of the objector upon the written statements of bankrupts, it should be noted that on August 29, 1956 the objector took a chattel mortgage on an automobile and a note for $520.00 was signed by both husband and wife. This is at least some evidence as to how much reliance the objector placed on the financial statements of bankrupts.

On the basis of the evidence offered here it cannot be seriously considered that the financial statement was of any great importance on this second transaction with bankrupts or that reliance was placed upon this by objector in making the last loan. So the old question is again at issue presented in a discharge proceeding as to how much reliance can be given to the claim of an objecting finance company or the testimony of its officers and agents that they were fooled or deceived by bankrupts who misstated their outstanding debts while securing loans when the company had a previous loan with the bankrupts.

Notwithstanding the many authorities presented in the excellent brief filed by counsel for objector, the ruling which has been followed in this Court seems to be again applicable here to the effect that the burden is on the objector to show that the false statements issued by bankrupts were sufficient to require a finding that the objector had been deceived thereby, and that a finding of a discharge was not in order.

The grounds for refusing a discharge to a bankrupt are statutory, and as to materially false statements, there are many cases: Judge Davis said in Tabac v. Morimura Airi & Co., 21 Fed. (2) 161 (3CC 1927) 10 ABR ns 538, that:

"Intent of the bankrupt is the touchstone by which his right to a discharge must be tested."

This case was affirmed on review in Morimura Airi & Co. v. Tabac 297 U. S. 24 (1929) 13 ABR ns 277.

The cases hold that to prevent a discharge a statement must be false and fraudulent and must be a materially false statement, and that is intentionally untrue. It was said in Re. Venturella Co., 25 Fed. Sup. 332, 39 ABR ns 527 (D. C. Conn. 1938) affirmed 102 Fed. (2) 1022—that a materially false financial statement, on the ground of which a bank-

rupt's discharge may be denied, must be one the falsity of which is known to the bankrupt and must be made in an attempt to deceive.

An early case is Re: Matthews, 47 ABR 39 (7 CCC 1921), where Judge Evans said, pg. 39:

"From our examination of the evidence, we are unable to. say this finding was erroneous. That a false property statement was made is conceded."

In this Circuit in Third National Bank v. Shatten, 81 Fed. (2) 538 (1936) 31 ABR ns 10, Judge Hicks adopted such rule and the syllabus is: "A false statement in writing which is enough to warrant denial of discharge must be knowingly false or made recklessly without an honest belief in its truth and with a purpose to mislead or deceive." In his Opinion, Judge Hicks said (pg. 15):

"The right to the discharge was addressed to the discretion of the court (In Re. Merritt CCA, 9th Cir.) 13 ABR ns 47, 28 Fed. (2) 679: Baesh-Ross to 1 Co. v. Stephens, supra: not to an arbitrary discretion, of course, but to its sound judicial discretion. We do not find that there was a gross abuse of the court's function."

The findings must be that the proof fails to show that the agents or officers of the finance company relied upon false statements when making this loan to bankrupt husband and wife.

To the same effect was the finding of this referee in Re. Bristor, Case No. 68711, in which a denial of discharge was entered by the Referee, and this was affirmed by His Honor Judge Jones on review April 30, 1954. Also, there is the recent case in the Southern District of Ohio In re Casseldine 105 Fed. 2d 645 1952 where His Honor Judge Nevin reversed the findings of a referee where discharge was refused by referee in a case where the facts were quite similar to those presented here. As in the case at bar, bankrupts had a loan with Fireside Finance Corporation and when a new loan was negotiated, as appears at page 646 of that Opinion, when complaint arose as to her financial statement, Court stated "Bankrupt's agent was fully conversant with her indebtedness and knew all about her financial conditions due to the fact that she had dealt with the company since at least 1949." In the present case bankrupts had dealt with Fireside since August 29, 1956, nearly a year longer than in the Casseldine case.

Again, in the recent case of In re Leonard, 122 Fed. Sup. 214 (S. D. Cal. 1954), the court had the same question as presented here, and the Fourth Syllabus is as follows:

"Whenever giving of false financial statement is urged as ground for denial of discharge in bankruptcy, to accomplish denial of discharge, it must be found that credit was obtained as proximate results of the statement. Bankruptcy Act Sec. 14c (1, 3), 11 U. S. C. A. Sec. 32c (1, 3)."

Congress, in passing the law, never intended to make the Bankruptcy Court a collection agency. Other recent unsuccessful efforts to make this Bankruptcy Court a collection agency are to be found **In re Barnhardt, 58 Abs 118, 1950,** and McDaniel dba Parnell Lumber Company, 107 Fed. Supp. 794 (1951). Such was also the finding In Re Groscost, 230 Fed. (2d) 608, in which this referee and the District Court were affirmed by the Court of Appeals of the 6th Circuit.

Finally, upon the proof offered, bankrupts have established that each was entitled to a discharge in this proceeding, and the burden thus shifts to Objector to establish by a preponderance of the evidence that bankrupts were guilty of fraud by the making of materially false statements in writing respecting their financial condition. This burden the objector has failed to meet in both cases, and it must be found that the objections to each discharge are overruled and discharges granted, which ruling disposes of the specifications of objections to discharge.

The entry is that specifications of objections to the discharge of each bankrupt be overruled and dismissed and discharges granted.